IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JESSIE FITZGERALD                                                                PLAINTIFF

VERSUS                                      CIVIL ACTION NO. 1:10cv542 HSO-JMR

CITY OF GULFPORT , ET AL.                                            DEFENDANTS

REPORT AND RECOMMENDATION

This matter comes before the Court, *sua sponte*, regarding failure of the plaintiff to prosecute this matter. Upon further consideration of the complaint and the records in this action, Plaintiff filed its initial complaint in this matter on November 29,2010.[#1].  On June 6,2011, the Court ordered the Plaintiff to show cause as to why this action should not be dismissed for failure to prosecute this matter pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.  The Court further warned the Plaintiff that failure to respond to this Order to Show Cause within ten days might result in the dismissal of this action. Plaintiff never responded to the Court 's June 6,2011 Order and to date the summons was issued only as to the Defendant, City of Gulfport ,but not executed within 120 days of filing as required by Rule 4(m), of the Federal Rules of Civil Procedure.

It is apparent from the plaintiff's failure to comply with an Order of this Court or to otherwise communicate with this Court, that the plaintiff has a lack of interest in pursuing these claims. This Court has the authority to dismiss an action for the Plaintiff's failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action *sua sponte*.  *See Link v. Wabash Railroad*, 370 U.S. 626 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988).

The Court must be able to clear its calendars of cases that remain dormant because of the

inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court. *Link, Supra*, 370 U.S. at 630.

Rule 41(b) of the Federal Rules of Civil Procedure, provides, *inter alia* , "for failure of the plaintiff to prosecute or to comply with these Rules or any order of the court, defendant may move for dismissal of an action or any claim against him."  Even though the Rule speaks in terms of dismissal on motion of a defendant, it is well settled that the court has the inherent authority to dismiss *sua sponte* for want of prosecution. *Link*, 370 U.S. 626 (1962); *Lopez v. Arkansas County Independent School District*, 570 F.2d 541, 544 (5th.Cir.1978). Not only may a district court dismiss for lack of prosecution, but it may dismiss an action upon its own motion whenever necessary to "achieve the orderly and expeditious disposition of cases". *Colle v. Brazos*, 981 F.2d 237,242 (5th Cir. 1993)

A dismissal for failure to prosecute is an inherent power of a court, to be exercised in the discretion of the district court. *Ford v. Sharp*, 758 F.2d 1018 (5th Cir. 1985); *Rogers v. Kroger, Co.* 669 F.2d 317 (5th Cir. 1982). A dismissal for want of prosecution on the part of the plaintiff is only sanctioned when there is clear evidence of delay or display of contumacy on the part of the plaintiff. *Dorsey v. Scott Wertzel Serv. Inc*., 84 F.3d 170,171 (5th Cir. 1996).

Based on the foregoing, this Court is of the opinion that the Plaintiff has failed in its obligation to serve its complaint or responding to the Court Order to Show Cause and that this failure is indicative of a lack of interest in pursuing this cause and delays the expeditious resolution of other cases. Therefore, this Court recommends that this cause be dismissed without prejudice for the plaintiff's failure to prosecute and failure to comply with Rule 4(m) and Rule 41(b) of the Federal

Rules of Civil Procedure.

In accordance with Rules of this Court, any party within ten days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the Judge, the U.S. Magistrate Judge and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal- unobjected to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1425 (5th Cir. 1996).

THIS the 20th day of June, 2011.

                                                            *S/John M Roper, Sr.*
                                                    UNITED STATES MAGISTRATE JUDGE